UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TODD SCOTT FRASHUER,** ) | Case No.  5:11-CV-314 |
| ) | |
| **Petitioner,** ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **KIMBERLEY CLIPPER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

Pending before the Court is a petition for writ of habeas corpus ("Petition") filed *pro se* by Todd Scott Frashuer ("Petitioner") pursuant to 28 U.S.C. § 2254 **(Doc. # 1)**. Judge White recommends denying the petition **(Doc #9)**.  Petitioner objects (**Doc. # 10**).  For the reasons below, the Court overrules Petitioner's objections and adopts Judge White's Report and Recommendation ("R&R").

I.

On December 10, 2008, Summit County police officers found a meth lab—complete with matchbooks, a hotplate, a butane torch, red phosphorus, glassware, lye, pseudoephedrine, iodine, muriatic acid, acetone, rubber tubing, heavy rubber gloves, Mason jars, coffee filters, a glass pipe, and a burnt spoon—in the basement of a house in Akron, OH.  When the police descended into the basement to inspect the lab, they saw Petitioner sitting on the bottom stairs.  After speaking with Petitioner, the police learned that his two daughters, ages ten and five, were living in the house with their mother.

Petitioner was arrested and tried before a jury in the Summit County Court of Common Pleas. The jury convicted Petitioner on one count of illegal manufacture of drugs, four counts of endangering children, one count of aggravated possession of drugs, and one count of illegal assembly or possession of chemicals for the manufacture of drugs. Petitioner appealed. The appeals were denied. Petitioner filed a federal habeas petition on February 14, 2011, asserting two grounds for relief: one for a violation of his due process rights, another for ineffective assistance of counsel.

## II.

A. Ground One

For ground one, Petitioner asserts that his due process rights were violated because the evidence at trial was insufficient to sustain a conviction. A habeas court reviews an insufficiency of the evidence claim by asking "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. Id. at 788–89.

Judge White has documented the ample inculpatory evidence the jury received. The Court need not recite all the evidence and instead incorporates by reference Judge White's findings on pages 18-19 of his R&R (Doc. # 9). The Court will, however, highlight one key piece of evidence: Petitioner's admission, made to a Summit County Children's Services intake worker, that he had been cooking meth for a few weeks in the basement. (Doc. # 5-4, Tr. 159-61). The evidence is sufficient to sustain the convictions. The Court will therefore adopt

Judge's White's recommendation and deny the Petition as to Ground One.

B. Ground Two

For ground two, Petitioner alleges ineffective assistance of counsel.  An ineffective assistance of counsel claim is analyzed under the standard announced in Strickland v. Washington, 466 U.S. 668 (1984).  The standard has two components: (1) the defendant must show that his attorney's performance was deficient; and (2) the defendant must show that this deficiency prejudiced the defense.  Id. at 693.  To show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Petitioner bases his claim upon trial counsel's failure to object to the fact that (1) the jury was not properly instructed by the judge and (2) the jury was not sworn in until after it had reached a verdict.

In the first place, the judge *did* properly instruct the jury.  The judge gave the jurors a thorough and lengthy set of instructions on the law and their duties.  (See Doc. # 5-6, Tr. 407–36).

Secondly, the trial judge *did* swear in the jury before it had reached a verdict.  The judge swore in the jury immediately before *voir dire* began: "As prospective jurors, the court and then the attorneys are going to be asking you some questions, and we're doing this to determine your ability to be fair and impartial in this case.  However, before any questioning begins, you must be sworn."  (Doc. # 5-3, Tr. 3).  At which point the judge administered the oath.  (Id. at Tr. 4).[1]

---

[1] In addition, the judge re-administered to the oath before the jury foreman announced the verdict and before each juror was polled.  (Doc. # 5-7, Tr. 439-433).

Administering the oath to a jury serves to emphasize the importance and seriousness of the juror's task.  United States v. Martin, 740 F.2d 1352, 1358 (6th Cir. 1984).  The jury should be sworn in after *voir dire* and immediately prior to the start of trial.  Id.  However, Martin stands for the proposition that a criminal defendant's rights are not violated so long as the court administers the oath in the presence of the defendant at some point before the jury tries the case. Id. at 1358–59 (holding that (1) the crucial consideration is that each juror swears before trial to try all criminal cases well and truly according to the laws of the United States and (2) "the defendant should be accorded the assurance that the jurors have been sworn to try his case by observing them sworn.").

Here, as noted above, the jurors were administered the oath in the presence of the defendant and before trying the case.  Under Martin, the judge's failure to re-administer the oath after *voir dire* does not amount to a constitutional violation.

Accordingly, because there was no constitutional error, counsel's failure to object cannot qualify as ineffective assistance.  The second ground for relief is therefore denied.

III.

Accordingly, the Court **OVERRULES** Petitioner's Objections **(Doc. # 10)**, and **ADOPTS** the Magistrate Judge's Report and Recommendation **(Doc. # 9)** in full.  Consequently, the underlying petition for writ of habeas corpus **(Doc. # 1)** is **DENIED**.

    **IT IS SO ORDERED.**

    */s/Dan AaronPolster3/23/12*
    **Dan Aaron Polster**
    **United States District Judge**